# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

KIMBERLY CROCKETT §
 § Civil Action No. 4:18-CV-403
v. § (Judge Mazzant/Judge Nowak)
 §
HUMANA BEHAVIORAL HEALTH §
 §

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 15, 2019, the report of the Magistrate Judge (Dkt. #44) was entered containing proposed findings of fact and recommendations that Defendant Humana Behavioral Health's ("Humana") Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #24) be denied as moot and Defendant's Motion for Summary Judgment (Dkt. #38) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff Kimberly Crockett's (construed) Objections (Dkts. #45, #46, #48), Defendant's Response (Dkt. #47), Plaintiff's Reply (Dkts. #49, #50), Defendant's Sur-reply (Dkt. #51), Plaintiff's second set of Objections ("Second Objections") (Dkt. #52), and Defendant's Response to Plaintiff's Second Objections (Dkt. #53), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**RELEVANT BACKGROUND**

The underlying facts of this case have been set forth previously (*see* Dkt. #44); as such, the Court sets forth only those facts pertinent to Plaintiff's Objections. In May 2014, Plaintiff was employed by Defendant as a Clinical Specialist-UM (Dkt. #38 at p. 5). In June 2016, Plaintiff was transferred to a different department and held the title "Clinical Guidance Specialist" (Dkt. #38-

1 at p. 9, 11). In this role, she was supervised by Ms. Nichelle Phillips (Dkts. #38 at pp. 5–6; #38-4 at p. 14). Defendant began taking steps to reduce its work force in early 2017; in connection with this reduction, Defendant determined that four Clinical Guidance Specialist positions would be terminated (Dkt. #38-4 at pp. 12, 15). Ms. Phillips and two other Humana employees assessed the Clinical Guidance Specialists, including Plaintiff, against seven weighted criteria assigning each criterium a score between one and five—one being the lowest and five being the highest (Dkt. #38-4 at pp. 15, 17–18). Plaintiff received one of the bottom four scores and was therefore selected for layoff (Dkt. #38-4 at p. 15). On March 1, 2017, Defendant notified Plaintiff that she had been selected for layoff and also provided Plaintiff a copy of a voluntary release and separation agreement ("Agreement") (Dkts. #38 at p. 1; #38-1 at pp. 19–20). Plaintiff executed the Agreement on May 1, 2017 (Dkt. #38-1 at p. 20). Pursuant to the Agreement, Plaintiff gave a "full and final release and settlement of any and all legal and equitable claims" in exchange for receiving four weeks' worth of salary, one month of medical and dental benefits, and access to outplacement services (Dkt. #12 at pp. 2–3).

Plaintiff initiated the instant lawsuit on June 8, 2018 (Dkt. #1), filing her Amended Complaint on October 11, 2018 wherein she asserts a claim for "employment disability discrimination" (Dkt. #19). Plaintiff alleges that she was selected for layoff based on a medical disability and that she felt "improper influence" to sign the Agreement, which she did not understand (Dkts. #19 at p. 1; #40 at p. 1). Defendant moved to dismiss Plaintiff's claims (Dkt. #24), and after an attempt at mediation proved unsuccessful in January 2019 (Dkt. #37), Defendant further filed a Motion for Summary Judgment on March 1, 2019 (Dkt. #38). On April 15, 2019, the Magistrate Judge entered a report, recommending that Defendant's Motion to Dismiss be denied as moot, Defendant's Motion for Summary Judgment be granted and Plaintiff's claims be

dismissed with prejudice (Dkt. #44). On May 3, 2019, Plaintiff filed a document asking the Court not to dismiss her claims (Dkt. #45), which the Court construes as objections to the report. Plaintiff filed additional objections on June 25, 2019 (Dkt. #52).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff does not specify in her objections those findings in the report to which she objects; rather, Plaintiff broadly "ask[s] the [C]ourt to proceed without dismissing [her] claim" because: (1) she has evidence regarding her disability; and (2) Nichelle Phillips, Plaintiff's supervisor at Humana, lied regarding her performance (Dkt. #45). Plaintiff elaborates in her Second Objections that her evidence regarding her disability is relevant because it "demonstrate[s] that [she] was telling the truth about [her] condition and the discovery from Humana…revealed the true reason why Humana laid [her] off;" Plaintiff also alleges once again that she was under improper influence in signing the Agreement (Dkt. 52). Plaintiff's objections challenge the declaration of

3

Nichelle Phillips submitted by Defendant in support of its Motion for Summary Judgment (Dkt. #38-4 at pp.13–18) and ask the Court to consider other evidence related to her disability (Dkt. #52). Plaintiff further contends—as she did in her response to Defendant's Motion for Summary Judgment—that Defendant is retaliating against her by seeking its reasonable attorney's fees (Dkt. #45).

Plaintiff avers that she has evidence—and has submitted same to the Court (Dkts. #46, #48, #50)—regarding her disability and that such evidence is relevant and pertinent to her claim (Dkts. #45, #52). Plaintiffs additional evidence, medical records from North Texas Urology, purports to establish that Plaintiff has a disability. However, Plaintiff does not clarify how such records would change the analysis or ultimate recommendation of the report. Indeed, in finding that Plaintiff had failed to properly plead her "employment disability discrimination" claim, the report assumed (without expressly stating) that Plaintiff had established a *prima facie* case—which would require her to demonstrate that she suffered from a disability—but concluded nonetheless that no issue of material fact existed in regards to Plaintiff's claim because Plaintiff failed to come forth with any evidence to suggest that Plaintiff's layoff due to a reduction in work force was merely pre-textual (Dkt. #44 at pp. 13–14). Her conclusory allegations that Humana discovered her disability and that is the "true reason" for her layoff is not sufficient to demonstrate pre-text. "[A]n employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief." *Malimban v. Continental Airlines*, 165 F.3d 24 (5th Cir. 1998). Similarly, Plaintiff's passing assertion in her Second Objections that she "was under…improper influence regarding the severance agreement" is likewise insufficient; as the Magistrate Judge indicated in her report:

> The record does not provide any basis for an inference that Defendant coerced or unduly influenced Plaintiff into executing the Agreement; Plaintiff has presented nothing more than conclusory assertions of "improper influence" and/or duress. *See Porter v. Domtar Paper Co., LLC*, No. 1:12cv001-SA-DAS, 2013 WL 215975 (N.D. Miss. Jan. 18, 2013) (finding plaintiff was not under duress of losing his job where he provided no proof of intimidation and coercion and signed the agreement the day after his last day of work with the company). Plaintiff's unsupported and conclusory allegation is insufficient.

(Dkt. #44 at pp. 10-11).

As to Plaintiff's assertion that Ms. Phillips was untruthful in her statements to the Court, Plaintiff did not object or otherwise challenge Defendant's summary judgment evidence. She cannot do so now for the first time. *See*, *e.g.*, *Hickson v. Bowles*, No. 3:95-cv-2374, 1997 WL 576406, at *1 (N.D. Tex. Sept. 9, 1997) (citing *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 650 at n.3 (5th Cir. 1992) (holding that where no party objected to or challenged admissibility of evidence, the objections were waived)).

Finally, regarding Plaintiff's assertion that Defendant is retaliating by seeking attorney's fees, the report previously found that "[s]uch claim is not properly before the Court" as it was raised only in response to Defendant's Motion for Summary Judgment, and "[n]otwithstanding, any claim for retaliation must still be dismissed as Defendant's request for attorneys' fees and/or its defense in this lawsuit is not an adverse employment action under the ADA" (Dkt. #44 at n.3). Because Plaintiff's "retaliation claim" was not properly raised before the Magistrate Judge, it is not now properly before the District Court.[1] Accordingly, the Court overrules Plaintiff's Objections.

---

[1] Moreover, the Court agrees that even if Plaintiff's retaliation claim were properly before the Court, requesting attorney's fees and/or providing a defense to a lawsuit is not an adverse employment action under the ADA.

5

**CONCLUSION**

Having considered Plaintiff's Objections (Dkts. #45, #52), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #44) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt #24) is **DENIED AS MOOT** and Defendant's Motion for Summary Judgment (Dkt. #38) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED this 5th day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE